**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000402
05-APR-2012
08:01 AM**

NO. CAAP-11-0000402


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
MICHAEL OMARA, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 10-1-394K)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginzoa, JJ.)

Defendant-Appellant Michael Omara (Omara) appeals from the judgment entered by the Circuit Court of the Third Circuit (circuit court)[1] on April 14, 2011, convicting and sentencing him for driving a motor vehicle without a license, in violation of Hawaii Revised Statutes (HRS) § 286-102 (2007 & Supp. 2011)[2] and

---

[1] The Honorable Ronald Ibarra presided.

[2] HRS § 286-102 reads in pertinent part:

a) No person . . . shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.

(b) A person operating the following category or combination of categories of motor vehicles shall be examined . . . and duly licensed by the examiner of drivers:

(1) Mopeds;

(2) Motorcycles and motor scooters;

(3) Passenger cars of any gross vehicle weight rating, buses designed to transport fifteen or

(continued...)

operating a motor vehicle without proof of liability insurance, in violation of HRS § 431:10C-104 (2005).[3]

Omara raises the following points on appeal:

(1) The circuit court erred when it granted the State's motion in limine, which precluded Omara from raising the defense of lack of jurisdiction based on the existence of the Hawaiian Kingdom.

(2) The circuit court erred when it granted the State's motion to strike Omara's witnesses who were intended to establish the existence of the Hawaiian Kingdom in support of the defense of lack of jurisdiction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Omara's points of error as follows:

(1) The circuit court did not err when it granted the State's motion in limine. Persons claiming to be citizens of the Kingdom of Hawai'i are not exempt from the laws of the State of

---

[2](...continued)

fewer occupants, and trucks and vans having a gross vehicle weight rating of fifteen thousand pounds or less; and

(4) All of the motor vehicles in category (3) and any vehicle that is not a commercial motor vehicle.

HRS § 286-102.

[3] HRS § 431:10C-104 reads in pertinent part:

(a) Except as provided in section 431:10C-105, no person shall operate or use a motor vehicle upon any public street, road, or highway of this State at any time unless such motor vehicle is insured at all times under a motor vehicle insurance policy.

(b) Every owner of a motor vehicle used or operated at any time upon any public street, road, or highway of this State shall obtain a motor vehicle insurance policy upon such vehicle which provides the coverage required by this article and shall maintain the motor vehicle insurance policy at all times for the entire motor vehicle registration period.

HRS § 431:10C-104.

Hawai'i. State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004).

> Whatever may be said regarding the lawfulness of the Provisional Government in 1893, the Republic of Hawai'i in 1894, and the Territory of Hawai'i in 1898, the State of Hawai'i was, . . . and is now, a lawful government. As noted by this court in State v. French, 77 Hawai'i 222, 231-32, 883 P.2d 644, 653-54 (App. 1994), the State of Hawai'i has lawful jurisdiction over all persons operating motor vehicles on public roads or highways within the State of Hawai'i. Persons claiming to be citizens of the Kingdom of Hawai'i and not of the State of Hawai'i are not exempt from the laws of the State of Hawai'i applicable to all persons (citizens and non-citizens) operating motor vehicles on public roads within the State of Hawai'i.

Id.

(2)   The circuit court did not err in granting the State's motion to strike defense witnesses who would have testified regarding the existence of the Hawaiian Kingdom. Whether Omara could establish the existence of the Kingdom of Hawai'i was not relevant to a fact of consequence to the case because Omara is still subject to the traffic laws of the State of Hawai'i. Id. As Omara's witnesses would have testified solely on the subject of his sovereignty defense and irrelevant evidence is not admissible under Hawaii Rules of Evidence Rule 402, the circuit court did not err in granting the State's motion to prevent these witnesses from testifying at trial.

Therefore,

IT IS HEREBY ORDERED that the April 14, 2011 Judgment of Conviction and Sentence entered by the Circuit Court of the Third Circuit is affirmed.

DATED:   Honolulu, Hawai'i, April 5, 2012.

On the briefs:

James Biven,
for Defendant-Appellant.

Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawai'i
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3